IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Louis M. Gerson Comany., Inc. ) | 04 1238 |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| 3M Company ) | MAGISTRATE JUDGE _____ |
| Defendant. ) | |
| ) | |

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

COMPLAINT

AND DEMAND FOR JURY TRIAL

Louis M. Gerson Company, Inc., for its complaint herein complains and seeks relief as follows:

NATURE OF THE ACTION

1.  Plaintiff seeks declaratory relief for defendant's erroneous charges of patent infringement. The action arises under the laws of the United States, specifically the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

THE PARTIES

2.  Plaintiff, Louis M. Gerson Company, Inc. ("Gerson"), is a corporation organized under the laws of the State of Delaware, and has its principal place of business 15 Sproat Street, Middleboro, MA. 02346.

3.  Upon information and belief, defendant, 3M Company ("3M"), is a corporation organized under the laws of the State of Delaware, and has its principal place of business 3M Center, St. Paul, MN 55144.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the subject matter of this case under the Declaratory Judgment Act, Title 28 of the United States Code, Sections 2201 and 2202, and under the laws of the United States concerning actions relating to patents, Title 28 of the United States Code, Section 1338 (a). This Court has personal jurisdiction over defendant pursuant to Title 35 of the United States Code, Section 293. Venue is proper under 28 U.S.C. § 1391 and 35 U.S.C. § 293.

## ACTS FOR WHICH DECLARATORY RELIEF IS NECESSARY

5. Defendant, 3M, claims to be the owner of United States Patent No. 6,595,441 (the "'441 Patent").

6. Defendant, 3M, has asserted that products manufactured, offered for sale and/or sold by plaintiff, Gerson, infringe the '441 Patent.

7. There exists a real and actual justiciable controversy between Gerson and 3M concerning the validity, enforceability and alleged infringement of the '441 Patent.

8. Plaintiff, Gerson, alleges, upon information and belief, that the '441 Patent is invalid, unenforceable, void and not infringed by plaintiff for one or more of the following reasons:

   (a) Gerson has not infringed nor is it infringing any valid claim of the '441 Patent.

   (b) By reason of proceedings in the Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the '441 Patent, as shown by the file wrapper of said patent and by the contents thereof, defendant is estopped from claiming for said patent a construction that would cause said patent to cover or include any apparatus or product manufactured, used or sold by plaintiff.

   (c) The alleged invention was made by another in this country before the patentee's alleged invention, and such other person has not abandoned, suppressed or concealed it.

(d) The '441 Patent is invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code as a condition of patentability.

(e) The '441 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, Section 112, including, but not limited to: the specification does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and the description does not adequately explain the best mode contemplated by the patentee so as to distinguish it from other inventions, as required by Title 35 of the United States Code; and/or the claims, and each of them, of the patent are excessively vague and indefinite and do not distinctly point out and define the invention.

(f) The claims of the '441 Patent and each of them, are not directed to patentable combinations, but are directed to mere aggregations of parts, steps, means or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for the patent.

(g) In light of the prior art, at the time the allowed invention of the '441 Patent was made, the subject matter as claimed in the '441 Patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

(h) Any claims of the '441 Patent which may be held to be valid are so restricted in scope that plaintiff has not infringed said claims.

(i) More than one year prior to the filing of the original application which matured into the patent in suit, the alleged invention was patented or described in printed publications in this country or in foreign countries, or was in public use or on sale in this country.

(j) Defendant, with knowledge of the activities of plaintiff, has failed to assert its patent for an unreasonable period of time, during which time plaintiff prepared its products for sale which defendant charges infringe the '441 Patent, and during which time plaintiff invested time and money in building its business and goodwill, and defendant is now guilty of laches and cannot maintain any cause of action against plaintiff under said patent.

WHEREFORE, plaintiff, Gerson, prays that:

1. This Court declare that plaintiff, Gerson, has not infringed and is not infringing the '441 Patent because of the making, offering to sell, selling or using of any products made, offered for sale, sold or used by plaintiff.

2. This Court declare that the '441 Patent is invalid, unenforceable and void in law.

3. This Court declare that Gerson recover its costs and attorney's fees pursuant to 35 U.S.C. Section 285.

4. This Court grant, pursuant to 28 U.S.C. Section 2202, such other and further relief based on said declaratory judgment as may be necessary, just and proper.

Dated: November 10, 2004

### JURY DEMAND

Gerson demands a trial by jury on all issues so triable.

Respectfully submitted,
LOUIS M. GERSON COMPANY, INC.
By its attorneys,

Robert L. Kann (BBO # 258025)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
(617) 443-9292

345,451

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __for District of Massachusetts__ on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO. | DATE FILED 11/10/2004 | U.S. DISTRICT COURT for District of Massachusetts |
|---|---|---|
| PLAINTIFF<br>Louis M. Gerson, Co. Inc.<br>15 Sproat Street<br>Middleboro, MA 02346-2228 | | DEFENDANT<br>3M Company<br>3M Center<br>St. Paul, MN 55144 |

04 12389

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,595,441 | 7/22/2003 | 3M Company |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy