UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS M. GERSON COMPANY, INC., | Civil No. 04-12389 (MLW/RBC) |
| Plaintiff, | |
| v. | 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1) |
| 3M COMPANY, | |
| Defendant. | |

3M Company ("3M") has filed a covenant not to assert United States Patent No. 6,595,441 ("'441 patent") against Louis M. Gerson Company ("Gerson") or its customers in connection with past or present products. Under firmly established Federal Circuit authority that has been consistently applied by this Court, 3M's covenant not to sue removes any reasonable apprehension that Gerson will face an infringement suit under the '441 patent. *See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); *In re Columbia Univ. Patent Litig.*, No. 04-1592, 2004 WL 2490619, at *6-13 (D. Mass. Nov. 5, 2004) (Wolf, J.); *SVG Lithography Sys., Inc. v. Ultratech Stepper, Inc.*, 334 F.Supp.2d 21, 23-26 (D. Mass. 2004) (Wolf, J.). Accordingly, an actual controversy does not exist, and this Court lacks subject matter jurisdiction over this lawsuit. This Court must dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

I.     BACKGROUND

This is a declaratory judgment action. 28 U.S.C. § 2201(a). On November 10, 2004, Gerson filed its complaint seeking a declaration that the '441 is invalid, unenforceable, void, and not infringed by Plaintiff. (Compl. ¶8). Gerson alleged that 3M has "asserted that products manufactured, offered for sale and/or sold by plaintiff, Gerson, infringe the '441 Patent." *Id.* ¶6.

3M, however, has filed with the Court the following Covenant Not to Sue ("Covenant"):

> 3M Company, its successors and assigns, hereby covenants not to assert any claim of patent infringement against Louis M. Gerson Company, Inc. or its customers under United States Patent No. 6,595,441 (the '441 patent) as it presently reads, with respect to any product currently made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc., or any product which was made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc. prior to the date of this declaration.

The Covenant removes any reasonable apprehension that Gerson will face an infringement suit under the '441 patent based on its past or present activity. That being the case, subject matter jurisdiction under the Declaratory Judgment Act does not exist.

## II.  LEGAL ANALYSIS

### A.  An Actual Controversy Is Required

Subject matter jurisdiction exists over a declaratory judgement action only when there is an "actual controversy." 28 U.S.C. § 2201(a); *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004) ("The Declaratory Judgment Act only supports jurisdiction in the event of an 'actual controversy.'").[1] An actual controversy must exist at all stages of a case, not simply at the time the complaint was filed, *e.g.*, *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330 (1975), and it is the declaratory plaintiff's burden to establish subject matter jurisdiction. *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 634, 635 (Fed. Cir. 1991) ("[A] declaratory judgment plaintiff must establish an actual controversy . . . ."). In the context of

---

[1] Federal Circuit law governs this action for declaration of patent rights. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) ("[W]e have held that Federal Circuit law applies to questions such as . . . whether there is a sufficient controversy between the parties to permit an accused infringer to bring an action seeking a declaratory judgment of patent noninfringement or invalidity . . . .").

declarations of patent rights, the Federal Circuit has established a two-part test for determining whether an actual controversy exists:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*BP Chem. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993).

The purpose of this test is "'to determine whether the need for judicial attention is real and immediate,' in which case the federal courts have jurisdiction, or whether it is 'prospective and uncertain of occurrence,' in which case they do not." *Super Sack*, 57 F.3d at 1058 (quoting *BP Chem.*, 4 F.3d at 978).

### B. Covenants Not to Sue Remove Any Actual Controversy

The Federal Circuit has consistently held that a proper covenant not to sue in the context of a suit to declare patent rights divests a court of subject matter jurisdiction. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1340-42 (Fed. Cir. 2001); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999); *Super Sack*, 57 F.3d at 1058-59; *Spectronics*, 940 F.2d at 636; *see also Inline Connection Corp. v. Atlantech Online, Inc.*, No. 03-1397, 85 Fed.Appx. 767, 769, 2004 WL 74622, at *2 (Fed. Cir. Jan. 16, 2004) (unpublished). In *Super Sack*, for example, the Federal Circuit approved the following covenant not to sue: "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." 57 F.3d at 1056 (emphasis removed). Based on this covenant, the Federal Circuit quickly concluded that "Chase can have no reasonable apprehension that it will face an infringement suit," and, therefore, the covenant "remove[d] from the field any controversy sufficiently actual to confer jurisdiction." *Id.* at 1059. Likewise, in *Amana*, the Federal Circuit

3

held that the defendant's "promise not to assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana, removed any reasonable apprehension that Amana will face an infringement suit." 172 F.3d at 855. Thus, it was "clear that no controversy survive[d] the [defendant's] covenant." *Id.*

Consistent with the Federal Circuit's unequivocal rulings, this District has repeatedly held that a covenant not to sue strips a court of subject matter jurisdiction when considering a suit to declare patent rights. *In re Columbia Univ. Patent Litig.*, No. 04-1592, 2004 WL 2490619, at *6-13 (D. Mass. Nov. 5, 2004) (Wolf, J.); *SVG Lithography Sys., Inc. v. Ultratech Stepper, Inc.*, 334 F.Supp.2d 21, 23-26 (D. Mass. 2004) (Wolf, J.); *Vision Biosystems (USA) Trading Inc. v. Ventana Med. Sys., Inc.*, No. 03-10391, 2004 WL 2387284, at *10-11 (D. Mass. Sept. 30, 2004). Indeed, earlier this month, this Court carefully analyzed the effect of a covenant not to sue in a declaratory judgment action:

> Columbia's covenant not to sue any plaintiff on any 'claims in the '275 patent as they currently read, and any claim in any reissued or reexamined patent that is the same as, or substantially identical to any claim of the '275 patent as it currently reads' means that plaintiffs do not now have the required reasonable apprehension that they will face an infringement suit .... Therefore, no case or controversy now exists in any of these actions.

*In re Columbia*, 2004 WL 2490619, at *7 (Wolf, J.); *accord SVG Lithography*, 334 F.Supp.2d at 23-26 (Wolf, J.).

### C. The 3M Covenant Divests This Court of Subject Matter Jurisdiction

This is a straightforward issue. The complaint asks for a declaration on the '441 patent. As the sole basis for its "reasonable apprehension" that it will be sued on the '441 patent, Gerson generically alleges that 3M has asserted that Gerson products infringe the '441 patent. (Compl.

¶6). The 3M Covenant, however, obliterates any alleged apprehension. *Gen-Probe*, 359 F.3d at 1379. As mentioned, the *Amana* covenant provided:

> [Quadlux covenants] not to "assert any claim of patent infringement against Amana under [the '005 patent] as it presently reads, with respect to any product currently advertised, manufactured, marketed or sold by Amana, or any product which was advertised, manufactured, marketed or sold by Amana prior to the date of this declaration."

172 F.3d at 855.

The 3M covenant provides:

> 3M Company, its successors and assigns, hereby covenants not to assert any claim of patent infringement against Louis M. Gerson Company, Inc. or its customers under United States Patent No. 6,595,441 (the '441 patent) as it presently reads, with respect to any product currently made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc., or any product which was made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc. prior to the date of this declaration.

Thus, the 3M Covenant is modeled after and nearly identical to the covenants that the Federal Circuit has repeatedly held to clearly remove any apprehension of suit. *Compare Inline*, 85 Fed.Appx. at 769, *Amana*, 172 F.3d at 855 ("[I]t is clear that no controversy survives the Quadlux covenant."), *Super Sack*, 57 F.3d at 1058-59.

3M need not covenant with respect to any future products or activities of Gerson. The Federal Circuit has made clear that "the second part of our test of declaratory justiciability respecting patent rights requires that the putative infringer's '*present* activity' place it at risk of infringement liability." *Super Sack*, 57 F.3d at 1059 (emphasis in original). Thus, any subjective worries about infringement suits concerning future products, should Gerson seek to rely on them in opposition to this motion, would not confer declaratory judgment jurisdiction. *Amana*, 172 F.3d at 855-56 ("An actual controversy cannot be based on a fear of litigation over future

5

products."); *Super Sack*, 57 F.3d at 1059 (same); *SVG Lithography*, 334 F.Supp.2d at 25-26 (same); *Vision Biosystems*, 2004 WL 2387284, at *10 (same).

By filing the Covenant, 3M and its successors or assigns are forever estopped from asserting patent infringement liability under the '441 patent against Gerson or its customers in connection with products made, used, marketed, offered for sale, or sold on or before the date of the Covenant. "This estoppel, in turn, removes from the field any controversy sufficiently actual to confer jurisdiction over this case." *Super Sack*, 57 F.3d at 1059. In the words of this Court, "[t]his case is materially indistinguishable from *Super Sack* and *Intellectual Property Development*." *SVG Lithography*, 334 F.Supp.2d at 25 (Wolf, J.). Since there is no actual controversy, dismissal is constitutionally required. *E.g.*, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461 (1937). Should this Court proceed, it would be "rendering a forbidden advisory opinion." *Spectronics*, 940 F.2d at 638.

### III.  CONCLUSION

No reasonable apprehension of suit survives the 3M Covenant. Accordingly, subject matter jurisdiction is lacking. 3M respectfully requests that Gerson's complaint be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(1).

By its attorneys

Dated: November 23, 2004

/s/ Frank E. Scherkenbach
Frank E. Scherkenbach (BBO #653819)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110

Attorneys for Defendant
3M COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1) was served on counsel for Plaintiff regular mail on Robert L. Kann, Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110 on this 23rd day of November, 2004.

                                      /s/ Kathleen J. Tobin
                                      Kathleen J. Tobin