UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LOUIS M. GERSON COMPANY, INC.,** | Civil No. 04-12389 (MLW/RBC) |
| **Plaintiff,** | |
| v. | ORDER |
| **3M COMPANY,** | |
| **Defendant.** | |

The above entitled matter came before the undersigned United States District Court Judge on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1). For the reasons set forth below, Defendant's motion is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a declaratory judgment action. 28 U.S.C. § 2201(a). Plaintiff filed its complaint seeking a declaration that Defendant's United States Patent No. 6,595,441 ('441 patent) is invalid, unenforceable, void, and not infringed. In response, Defendant filed the present motion accompanied by the following Covenant Not to Sue (Covenant):

> 3M Company, its successors and assigns, hereby covenants not to assert any claim of patent infringement against Louis M. Gerson Company, Inc. or its customers under United States Patent No. 6,595,441 (the '441 patent) as it presently reads, with respect to any product currently made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc., or any product which was made, used, marketed, offered for sale, or sold by the Louis M. Gerson Company, Inc. prior to the date of this declaration.

Subject matter jurisdiction exists over a declaratory judgement action only when there is an "actual controversy," 28 U.S.C. § 2201(a); *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004), and an actual controversy must exist at all stages of a case, not simply at the time the complaint was filed. *E.g., Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330 (1975).

In the context of declarations of patent rights, the Federal Circuit has established a two part test for determining whether an actual controversy exists:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*BP Chem. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993).

When facing a suit to declare patent rights, a party may file an appropriate covenant not to sue and divest a federal court of subject matter jurisdiction. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1340-42 (Fed. Cir. 2001); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058-59 (Fed. Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 636 (Fed. Cir. 1991); *see also Inline Connection Corp. v. Atlantech Online, Inc.*, No. 03-1397, 85 Fed.Appx. 767, 769, 2004 WL 74622, at *2 (Fed. Cir. Jan. 16, 2004) (unpublished); *In re Columbia Univ. Patent Litig.*, No. 04-1592, 2004 WL 2490619, at *6-13 (D. Mass. Nov. 5, 2004); *SVG Lithography Systems, Inc. v. Ultratech Stepper, Inc.*, 334 F.Supp.2d 21, 23-26 (D. Mass. 2004); *Vision Biosystems (USA) Trading Inc. v. Ventana Med. Sys., Inc.*, No. 03-10391, 2004 WL 2387284, at *10-11 (D. Mass. Sept. 30, 2004). In accordance with the above authorities, the Covenant filed by Defendant removes any reasonable apprehension that Plaintiff or its customers will face an infringement suit under the '441 patent based on Plaintiff's past or present products. This Court holds that Defendant is forever estopped from asserting any claim of patent infringement under the '441 patent against Plaintiff or its customers in connection with any products that Plaintiff made, used, marketed, offered for sale, or sold on or before the date of the Covenant. That being the case, there is no actual controversy for this Court to decide. Accordingly, this Court lacks subject matter

jurisdiction, and the complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant 3M's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

Dated: _____, 2004.

                                                                                       _____
                                                                                       MARK L. WOLF
                                                                                       United States District Court Judge