UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV 23  A 10: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Louis M. Gerson Company, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>3M Company )<br>)<br>Defendant. )<br>) | Civil Action No. 04-12389 MLW |

## AMENDED COMPLAINT

## AND DEMAND FOR JURY TRIAL

Louis M. Gerson Company, Inc., for its amended complaint herein complains and seeks relief as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks declaratory relief for defendant's erroneous charges of patent infringement. The action arises under the laws of the United States, specifically the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

### THE PARTIES

2. Plaintiff, Louis M. Gerson Company, Inc. ("Gerson") is a corporation organized under the laws of the State of Delaware and has its principal place of business at 15 Sproat Street, Middleboro, MA. 02346.

3. Upon information and belief, defendant, 3M Company ("3M"), is a corporation organized under the laws of the State of Delaware, and has its principal place of business at 3M Center, St. Paul, MN 55144.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the subject matter of this case under the Declaratory Judgment Act, Title 28 of the United States Code, Sections 2201 and 2202, and under the laws of the United States concerning actions relating to patents, Title 28 of the United States Code, Section 1338 (a). This Court has personal jurisdiction over defendant pursuant to Title 35 of the United States Code, Section 293. Venue is proper under 28 U.S.C. § 1391 and 35 U.S.C. § 293.

## ACTS FOR WHICH DECLARATORY RELIEF IS NECESSARY

5. Defendant, 3M, has asserted that paint system products manufactured, offered for sale and/or sold by plaintiff Gerson infringe 3M's patents (hereafter the "3M Patents").

6. Defendant, 3M, claims to be the owner of patents relating to paint systems including United States Patent Nos. 6,752,179; 6,488,058; 6,595,441;4,971,251; 6,588,681; 4,936,511; 6,663,018; 6,796,514; 6,354,346; 5,425,404; 6,367,521; 6,450,214; 6,223,791; 5,954,273; and 5,826,795.

7. There exists a real and actual justiciable controversy between Gerson and 3M concerning the validity, enforceability and alleged infringement of the 3M Patents.

8. Plaintiff, Gerson, alleges, upon information and belief, that the 3M Patents are invalid, unenforceable, void and not infringed by plaintiff for one or more of the following reasons:

   (a) Gerson has not infringed nor is it infringing any valid claim of the 3M Patents.

   (b) By reason of proceedings in the Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the 3M Patents, as shown by the prosecution histories of said patents and by the contents thereof, defendant is estopped from claiming for said patents a construction that would cause said patents to cover or include any apparatus or product manufactured, used or sold by plaintiff.

(c) The alleged inventions were made by another in this country before the patentee's alleged inventions, and such other person has not abandoned, suppressed or concealed it.

(d) The 3M Patents are invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code as a condition of patentability.

(e) The 3M Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, Section 112, including, but not limited to: the specification does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and the description does not adequately explain the best mode contemplated by the patentee so as to distinguish it from other inventions, as required by Title 35 of the United States Code; and/or the claims, and each of them, of the patent are excessively vague and indefinite and do not distinctly point out and define the invention.

(f) The claims of the 3M Patents and each of them, are not directed to patentable combinations, but are directed to mere aggregations of parts, steps, means or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for the patent.

(g) In light of the prior art, at the time the allowed inventions of the 3M Patents were made, the subject matter as claimed in the 3M Patents would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

(h) Any claims of the 3M Patents which may be held to be valid are so restricted in scope that plaintiff has not infringed said claims.

(i)  More than one year prior to the filing of the original applications which matured into 3M Patents, the alleged inventions were patented or described in printed publications in this country or in foreign countries, or were in public use or on sale in this country.

(j)  Defendant, with knowledge of the activities of plaintiff, has failed to assert its patents for an unreasonable period of time, during which time plaintiff prepared its products for sale which defendant charges infringe the 3M Patents, and during which time plaintiff invested time and money in building its business and goodwill, and defendant is now guilty of laches and cannot maintain any cause of action against plaintiff under said patents.

WHEREFORE, plaintiff Gerson prays that:

1.  This Court declare that plaintiff Gerson has not infringed and is not infringing the 3M Patents because of the making, offering to sell, selling or using of any products made, offered for sale, sold or used by plaintiff.

2.  This Court declare that the 3M Patents are invalid, unenforceable and void in law.

3.  This Court declare that Gerson recover its costs and attorney's fees pursuant to 35 U.S.C. Section 285.

4.  This Court grant, pursuant to 28 U.S.C. Section 2202, such other and further relief based on said declaratory judgment as may be necessary, just and proper.

Dated: November 23, 2004

## JURY DEMAND

Gerson demands a trial by jury on all issues so triable.

Dated: November 23, 2004

        Respectfully submitted,
        LOUIS M. GERSON COMPANY, INC.
        By its attorneys,

        */s/ Robert L. Kann*
        Robert L. Kann (BBO # 258025)
        BROMBERG & SUNSTEIN LLP
        125 Summer Street
        Boston, MA  02110-1618
        (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the methods indicated below on November 23, 2004, addressed as follows:

By Electronic Mail and U.S. Mail, First Class:

Frank E. Scherkenbach, Esq.
Fish & Richardson
225 Franklin Street
Boston, Massachusetts 02110

        */s/ Robert L. Kann*
        Robert L. Kann

347,834