# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 12389 MLW

|  |  |  |
|---|---|---|
| Louis M. Gerson Company., Inc., | ) | |
| Plaintiff | ) ) ) ) | |
| v | ) ) | **Opposition to Defendant's Motion to Dismiss** |
| 3M Company, | ) ) ) | |
| Defendant | ) ) | |

1. The Plaintiff, Louis M. Gerson Company, Inc., (the "Gerson Company") opposes the Defendant's Motion to Dismiss for the following reasons:

   a) The Motion to Dismiss is grounded in a Covenant not to Sue on a single patent, US no. 6,595,441 (the "'441 patent"). However, the Gerson company's Amended Complaint and its pending Supplemental Complaint seek a Declaratory Judgment with respect to the validity, enforceability, and alleged infringement of all of the Defendant's patents "related to paint systems", including US patent no. 6,820,824, a patent just issued on November 23, 2004 (the "'824 patent). 3M company's ("3M") Covenant not to Sue does not apply to this patent and at least 14 other patents raised and at issue in the Amended Complaint and the pending Supplemental Complaint. As a matter of law, a Covenant which fails to release claims for all patents in suit is insufficient as a basis for dismissal of the Amended Compliant or the pending Supplemental Complaint.

   b) To the extent that 3M's Motion to Dismiss is understood as a *partial* Motion to Dismiss which applies only to the '441 patent, it is still insufficient because the Covenant not to Sue does <u>not</u> include 3M Innovative Properties Company, ("3M IP"), the assignee and

1

owner of the '441 patent and most of the other patents in suit. 3M IP is a necessary party to any valid covenant releasing all patent claims against the Gerson Company.

2. A proper covenant not to sue should extend to (1) any paint system product currently used, manufactured, offered for sale, or sold by the Gerson Company, (2) any paint system product which was used, manufactured, offered for sale, or sold by the Gerson Company prior to the date of the covenant, and (3) any paint system product which is substantially equivalent to the paint system products described in the foregoing subparagraphs.

**THEREFORE**, the trial court should deny the Defendant's Motion to Dismiss.

Respectfully submitted,
LOUIS M. GERSON COMPANY, INC.
By its attorneys,

/s/ Robert L. Kann
Robert L. Kann (BBO # 258025)
Edward J. Dailey (BBO #112220)
Robert M. Asher (BBO # 022865)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
(617) 443 0004 (fax)
Dated: 12.07.04

### Certificate of Service

I certify that a copy of this pleading has been forwarded to Frank E. Scherkenbach, Esq., FISH & RICHARDSON PC, 225 Franklin Street, Boston, Massachusetts 02110 electronically by pdf and also by USPS First Class Mail.

/s/ Edward J. Dailey
Edward J. Dailey

02633/00514 350117.1