THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 12389 MLW

| | |
|---|---|
| Louis M. Gerson Company, Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v ) | **Opposition to Defendant's** |
| ) | **Second Motion to Dismiss** |
| 3M Company, ) | |
| ) | |
| Defendant ) | |

1.  The Plaintiff, Louis M. Gerson Company, Inc., (the "Gerson Company") opposes the Defendant's second Motion to Dismiss for the following reasons:

a)  On December 7, 2004, the Gerson Company filed Opposition to the Defendant's Motion to Dismiss. The Defendant, 3M Company ("3M") grounded its Motion to dismiss in a Covenant not to Sue on a single patent, US no. 6,595,441 (the "'441 patent").

b)  Shortly thereafter, 3M, for itself and its subsidiary, 3M Innovative Properties Company ("3M IP"), filed a new Covenant not to Sue, this time listing 15 patents. The obvious intent is to moot the Gerson's Company's Amended Complaint. However, the Covenants are fundamentally flawed.

2.  3M's Covenants Not to Sue fail to release, even on a limited basis, all of the patents relating to paint systems which are at issue in the Gerson Company's Amended Complaint and in particular US no. 6,820,824 ("the '824 patent") under which 3M has commenced a later filed infringement action in the District of Minnesota.

2.      3M's Covenants Not to Sue are a ploy to escape this court's subject matter jurisdiction so it can press its later filed infringement action in the District of Minnesota. However, the Covenants fail to extinguish the case or controversy between the parties or the reasonable apprehension that 3M will simply renew virtually the same claims under some or all of the patents at issue in Minnesota if it is permitted to escape the District of Massachusetts.

4.      As a consequence of 3M's flawed Covenants Not to Sue, all of 3M's paint system patents remain in dispute under the Amended Complaint which was filed first in this district and should be litigated and resolved before this court.

5.      The Covenants Not to Sue fail, in any event, because they exclude the '824 patent which is challenged in the Gerson Company's Amended Complaint, was filed first in this district, and should re litigated and resolved before this court.

**THEREFORE**, the trial court should deny the Defendant's second Motion to Dismiss.

Respectfully submitted,
LOUIS M. GERSON COMPANY, INC.
By its attorneys,

/s/ Edward J. Dailey
Robert L. Kann (BBO # 258025)
Edward J. Dailey (BBO #112220)
Robert M. Asher (BBO # 022865)
BROMBERG SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
(617) 443 0004 (fax)
Dated: 12.29.04

### Certificate of Service

I certify that a copy of this pleading has been forwarded to Frank E. Scherkenbach, Esq., FISH & RICHARDSON PC, 225 Franklin Street, Boston, Massachusetts 02110 electronically by pdf and also by USPS First Class Mail.

/s/ Edward J. Dailey
Edward J. Dailey

02633/00514  352819.2