UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LOUIS M. GERSON COMPANY, INC.,** | Civil No. 04-12389 (MLW/RBC) |
| **Plaintiff,** | |
| v. | **3M COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO DISMISS** |
| **3M COMPANY,** | |
| **Defendant.** | |

On December 20, 2004, 3M Company ("3M") filed a Motion To Dismiss Gerson's Amended Complaint For Lack Of Subject Matter Jurisdiction Under Rule 12(b)(1) ("Second Motion to Dismiss"). In response, on December 29, 2004, Louis M. Gerson Company ("Gerson") filed a Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss ("Gerson Opposition"). In the accompanying motion, 3M requests leave from the Court to submit this reply memorandum to address mistakes in law in the Gerson Opposition regarding the propriety of bringing a declaratory judgment suit with respect to unspecified and unknown patents.

I.  ARGUMENT

The central dispute between the parties regarding 3M's motion to dismiss is whether Gerson may file a declaratory judgment suit "challeng[ing] <u>all 3M patents relating to paint systems, known and unknown, regardless of the issue date, and without limitation to a single patent</u>." (Gerson Opposition at 5 (emphasis in original)). In particular, Gerson urges that its vague reference to paint system patents in its amended complaint necessarily incorporated United States No. 6,820,824 ("the '824 patent"). It is undisputed, however, that Gerson was unaware of the existence of the '824 patent upon filing its amended complaint. According to

Gerson, "[t]here is no rule of law requiring any further identification of the patents at issue" than the general allegation provided in the amended complaint. (*Id.* at 5). Gerson is incorrect on two points: first, declaratory judgment jurisdiction cannot be based upon patents unknown to the plaintiff, and second, there is no legal basis for this Court to entertain Gerson's vague and boundless declaratory judgment suit.

### A.   3M's Covenants Are Of Sufficient Scope To Defeat Subject Matter Jurisdiction As To The Fifteen Listed Patents

Gerson first urges that the 3M Covenants are defective because they apply "only to actions and products prior to December 7, 2004 – leaving 3M free to sue for infringement under the same patents for actions and products after December 7th." Gerson purports to cite *In re Columbia University Patent Litigation*, 343 F.Supp.2d 35 (D. Mass. 2004), for the proposition that an effective covenant must encompass future activities. (Gerson Opposition at 3-4). This citation is incorrect. To be sure, the Court in *Columbia* did **accept** a temporally unlimited covenant. However, that acceptance does not thereby **require** that all covenants be similarly unlimited in time. As pointed out in 3M's moving papers, the Federal Circuit has specifically stated that "[t]he residual possibility of a future infringement suit based on [plaintiff's] future acts is simply too speculative a basis for jurisdiction over [plaintiff's] counterclaim for declaratory judgment of invalidity." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995); *see also Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) ("An actual controversy cannot be based on a fear of litigation over future products."). Gerson's contrary argument, therefore, must fail.

### B.   Information Obtained by a Declaratory Judgment Plaintiff After Filing Suit is Irrelevant to Subject Matter Jurisdiction

Gerson also argues incorrectly that its declaratory judgment suit may be based on "unknown" patents. Declaratory judgment jurisdiction requires that the plaintiff possess an

2

objectively reasonable apprehension of suit at the time of filing. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887-88 (Fed. Cir. 1992). This reasonable apprehension must be based on the actual knowledge of the plaintiff. *CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784, 789-90 (E.D. Va. 1997). Since, as Gerson itself emphasizes,(Gerson Opposition at 6), Gerson did not know and could not have known about the '824 patent when it filed or sought to amend its complaint, the subsequent issuance of the '824 patent cannot bear on the existence of declaratory judgment jurisdiction.

Gerson urges that "[t]his argument has no basis in law." (Gerson Opposition at 5). The court in *CAE Screenplates*, however, correctly reasoned that "*all* facts learned by plaintiff subsequent to the commencement of the declaratory judgment suit should be accorded no weight in the jurisdictional calculus, irrespective of whether they arose after or before the suit." 957 F. Supp. at 789-90 (emphasis in original); *see also West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992) ("because this court examines [plaintiff's] declaratory judgment action at the time of its filing, [defendant's] subsequent action is irrelevant.").

Here, it is undisputed that Gerson had no knowledge of the '824 patent until after it filed the amended complaint. (Gerson Opposition at 2-3). As such, the '824 patent cannot be the basis for finding an actual controversy between Gerson and 3M.

### C. The Vague Allegations in Gerson's Amended Complaint Cannot Sustain a Declaratory Judgment Suit Based on the '824 Patent

Gerson also suggests the Court must accept Gerson's vague allegation with respect to "all 3M patents relating to paint systems." (Gerson Opposition at 5). However, many district courts have refused to permit this type of undefined and open ended declaratory judgment suit. *See*, *e.g.*, *Martek Biosciences Corp. v. Nutrinova Inc.*, 2004 WL 2297870 *5 (D. Del. Oct. 8, 2004); *Samsung Elec. Co. v. Texas Instruments Inc.*, 1996 WL 343330 * 6 (N.D. Tex. Apr. 18 1996);

3

*Agridyne Techs., Inc. v. W.R. Grace & Co.*, 863 F. Supp. 1522, 1529 (D. Utah 1994); *BASF Corp. v. PPG Indus., Inc.*, 1991 WL 354884 (D.N.J. Feb. 11 1991); *Research Elec. & Devices Co. v. Neptune Meter Co.*, 156 F. Supp. 484, 485 (S.D.N.Y. 1957); *Pomerantz v. Jean Vivaudou Co.*, 65 F. Supp. 948, 949 (S.D.N.Y. 1946).

In *Martek*, the District of Delaware limited a declaratory judgment suit to patents actually mentioned by the defendant. 2004 WL 2297870 at * 5. The court noted that "[Plaintiff's] claim for non-liability as to 'any valid and enforceable claim of any issued United States patent owned by [defendant],' and 'any valid and enforceable right of [defendant]' is too broad." *Id.* Thus, the court held that "[o]nly those patents [actually] referenced . . . [by defendant] are proper subjects for [plaintiff's] declaratory judgment claim." *Id.*

Similarly, the Northern District of Texas in *Samsung* refused to permit an open ended declaratory judgment suit against Texas Instruments' patent portfolio. 1996 WL 343330 at *6. The court reasoned that "the lack of *immediate* controversy as to the [group of patents] is underscored by [plaintiff's] general request for leave to amend Count 3 'as may become necessary and appropriate, if ever, to add the identity of specific TI Group 2 Patents if and when those patents are identified to Samsung by TI.'" *Id.* (emphasis in original). Samsung's stated desire to sweep in later identified patents is precisely what Gerson has attempted to effectuate here through its "supplement" to its amended complaint. Just as in *Samsung*, this Court should not countenance the filing of a vague declaratory judgment suit to be later modified to comport with information the plaintiff obtains after filing suit.

Further, in *Agradyne* the district court permitted a declaratory judgment suit to proceed as to a first patent, but dismissed the declaratory claims based on a related "continuation-in-part" of that patent. 863 F. Supp. at 1529. The court stated:

4

> Although [plaintiff] claims that [defendant] mentioned its portfolio of patents and discussed multiple patents in a general sense, those instances included only vague references to other patents . . . . Limited to these slim references, [plaintiff] cannot claim that any act by [defendant] instilled a reasonable apprehension of a patent infringement suit *with respect to the '349 patent.* Therefore, jurisdiction does not exist with respect to that patent, because the dispute involving that patent is not ripe for adjudication.

*Id.* Thus, the general mention of the defendant's patent rights could not create a reasonable apprehension of suit on the part of the plaintiff as to the particular patents that were not mentioned by the defendant.

The only contrary support that Gerson cites is *Columbia*, which Gerson interprets as providing that "[r]easonable apprehension exists and a declaratory judgment action may be maintained where there is 'an explicit threat or other action by the patentee' – *without regard for precise identification of patents or patent claims at issue.*" (Gerson Opposition at 7 (emphasis added) (citing *Columbia*, 2004 WL 2490619 at *7)). The cited page fails to support the proposition for which it is cited. In fact, *Columbia* involved explicit allegations of infringement of a single patent. 343 F.Supp.2d at 38. As such, Gerson's citation is improper.

Finally, the decision to permit a declaratory judgment suit is discretionary. *Sierra Applied Sci., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1380 (Fed. Cir. 2004) (citing 28 U.S.C. § 2201); *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1525 (Fed. Cir. 1992). Even if the requirements of the Declaratory Judgment Act were otherwise satisfied (and they are not), the Court should decline to reach out and adjudicate a dispute that Gerson seeks to later inject here regarding a patent that is already the subject of an earlier-filed infringement suit in another jurisdiction.

## II.    CONCLUSION

For the foregoing reasons, 3M respectfully requests that the Court dismiss the present lawsuit for lack of subject matter jurisdiction.

                                                          By its attorneys

Dated: January 11, 2005                              /s/ Frank E. Scherkenbach
                                                  Frank E. Scherkenbach (BBO #653819)
                                                  FISH & RICHARDSON P.C.
                                                  225 Franklin Street
                                                  Boston, MA  02110

                                                  Attorneys for Defendant
                                                  3M COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing **3M COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO DISMISS** was served on counsel for Plaintiff via e-filing and regular mail on Robert L. Kann, Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110 on this 11th day of January, 2005.

                                                        /s/ Kathleen J. Tobin
                                                   Kathleen J. Tobin